**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES SYLVESTER BEDFORD,

      Petitioner-Appellant,

v.

THE STATE OF OKLAHOMA;
ROBERT MACY; STEVE HARGETT,

      Respondents-Appellees.

No. 99-6301

(D.C. No. 98-CV-709-L)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

      In 1996, an Oklahoma state court jury found Petitioner guilty of trafficking a controlled dangerous substance and possessing a controlled dangerous substance without a tax stamp. The court sentenced Petitioner to fifteen years imprisonment and one year imprisonment, respectively. The Oklahoma Court of Criminal Appeals upheld

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Petitioner's conviction and sentence on direct appeal. Bedford v. Oklahoma, No. F-96-1424 (Okla. Crim. App. filed Oct. 27, 1997) (unpublished). Petitioner subsequently sought post-conviction relief in state district court. The state court denied relief, and the Oklahoma Court of Criminal Appeals affirmed in May 1998. Bedford v. Oklahoma, No. PC-98-254 (Okla. Crim. App. filed May 8, 1998) (unpublished). In June 1998, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. The district court denied the petition as well as Petitioner's motion for a certificate of appealability.[1] Now before us is Petitioner's renewed motion.[2]

In his § 2254 petition, Petitioner argued: (1) he was denied due process because (a) he was held in county jail for a year before trial and (b) the state failed to present certain evidence to his attorney and investigator, (2) the Oklahoma district court lacked jurisdiction to hear his case, and (3) the police illegally searched and seized his bags from a Greyhound bus. In a thorough report and recommendation, a magistrate judge recommended denial of the petition. The magistrate judge concluded that Petitioner's speedy trial claim was procedurally barred and lacked merit. The magistrate judge further concluded that Petitioner's access to evidence claim lacked merit. Finally, the magistrate judge concluded that Petitioner's second and third claims were procedurally barred and

---

[1] Although the district court did not act on the issue of a certificate of appealability, the certificate of appealability is deemed denied by the district court pursuant to this court's General Order of October 1, 1996.

[2] Pursuant to Fed. R. App. P. 22(b), we construe Petitioner's notice of appeal as a renewed application for a certificate of appealability.

that Petitioner failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The district court subsequently adopted the report and recommendation in its entirety and denied Petitioner a certificate of appealability. See 28 U.S.C. § 2253(c).

A petitioner may appeal the denial of a § 2254 petition only "if a circuit justice or judge" issues a certificate of appealability. 28 U.S.C.§ 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the magistrate judge's report and recommendation, the district court's order adopting that report and recommendation, and the entire record before us. We conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right substantially for the reasons set forth in the magistrate judge's report and recommendation.[3] Accordingly, we deny his request for a certificate of appealability

---

[3] When analyzing Petitioner's access to evidence claim, the magistrate judge applied a deferential standard which authorizes habeas relief "only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." Mag. R&R at 12, quoting Roberts v. Ward, 1999 WL 162751, at *7 (10th Cir. 1999) (unpublished). The Supreme Court, however, recently rejected that standard, stating, "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, __ U.S. __, __, 2000 WL 385369, at *28 (2000). Application of the Williams standard does not affect the outcome of this case because the state court did not unreasonably apply the governing legal principles to the facts of Petitioner's case.

and dismiss the appeal.[4]

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[4] Petitioner's motion to proceed IFP is moot in light of his full payment of the appellate filing fee.